UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KRISHNA MAGANTI, on behalf of himself and all other
persons similarly situated,

                                   Plaintiff,

       -against-

QUICK PETROLEUM, INC. and ASIF JAVED a/k/a
ASIF ALI,

                             Defendants.
-------------------------------------------------------------------X

**DOCKET NO.:**   -cv-

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff, on behalf of himself and all other persons similarly situated, by and through his undersigned attorney, for the complaint against defendants, alleges as follows:

### NATURE OF THE ACTION

        1.    Plaintiff alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("THE FLSA"), 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage and/or regular rate of pay, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime pay as required by law, and (iii) compensation for defendants' unlawful appropriation of money from plaintiff and the Collective Action Members' wages and/or making unlawful deductions from and charges against plaintiff's and the Collective Action Members' wages, and (iv) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

        2.    Plaintiff further alleges on behalf of himself that he is entitled to: (i) compensation for wages paid at less than the New York statutory minimum wage or regular rate

of pay; (ii) wages for overtime work which defendants willfully failed to pay as required by New York Labor Law §§ 650 et seq. and the New York State Department of Labor regulations; (iii) compensation for defendants' violation of the Wage Theft Prevention Act; (iv) compensation for defendants' unlawful appropriation of money from plaintiff and/or making unlawful deductions from and charges against plaintiff's wages in violation of New York Labor Law §193, and (vi) liquidated damages pursuant to the New York Labor Law for these violations.

## THE PARTIES

3.      Plaintiff resides in Orangeburg, New York.

4.      Plaintiff was employed as a cashier/clerk by defendants from June 2015 through November 2015.

5.      Plaintiff was engaged in interstate commerce by virtue of his using an electronic device that authorized credit card purchases and unloading goods that, upon information and belief, came from out of state suppliers.

6.      Plaintiff's written consent pursuant to the FLSA, 29 U.S.C. § 216(b) to be a party to this action is attached hereto as Exhibit "A."

7.      Upon information and belief that is based upon the New York State Division of Corporations' records reflected on its Internet Web Site, defendant Quick Petroleum, Inc. is a New York domestic business corporation with its principal place of business at 69 South Pascack Road, Nanuet, New York, 10954.

8.      Upon information and belief that is based upon the New York State Division of Corporations' records reflected on its Internet Web Site, defendant Quick Petroleum, Inc. has a principal executive office at "Asif Javed, 6 Mirror Lake Road, Spring Valley, New York 10977."

9.      Upon information and belief, defendant Asif Javed is also known as Asif Ali.

10.     Upon information and belief, defendant Asif Javed resides at 6 Mirror Lake Road, Spring Valley, New York 10977.

11.     At all relevant times, defendant Quick Petroleum, Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

12.     Upon information and belief, at all relevant times, defendant Quick Petroleum, Inc. had gross revenues in excess of $500,000.00.

13.     Upon information and belief, at all relevant times, defendant Quick Petroleum, Inc. has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

14.     Upon information and belief, at all relevant times, defendant Quick Petroleum, Inc. has constituted an "enterprise" as defined in the FLSA.

15.     Upon information and belief, defendant Asif Javed is an owner or part owner and principal of Quick Petroleum, Inc. who has the power to hire and fire employees, set wages and schedules, maintain records and otherwise affect the quality of employment of plaintiff and the Collective Action Members.

16.     Defendant Asif Javed was involved in the day-to-day operations of Quick Petroleum, Inc. and played an active role in managing the business.

17.     Defendants constituted "employers" of plaintiff and the Collective Action Members as that term is used in the FLSA and New York Labor Law.

**JURISDICTION AND VENUE**

18.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 216(b).

19.     This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

### COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. § 206 and § 207, plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of Collective Action Members who are or were formerly employed by defendants in the United States at any time since June 1, 2013 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who, upon information and belief, were not paid: (i) statutory minimum wages, (ii) the regular rate of pay, (iii) overtime compensation at the greater of not less than one-and-one-half times the minimum wage or one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek and, (iv) from whom defendants appropriated money and/or from whom defendants made unlawful deductions from and charges against wages.

22.     Plaintiff and the Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay: (i) statutory minimum wages, (ii) the regular rate of pay, (iii) overtime compensation at the greater of not less than one-and-one-half times the minimum wage or one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek and, (iv) from whom defendants appropriated money and/or from whom defendants made unlawful deductions from and charges

against wages. Plaintiff's claims stated herein are essentially the same as those of the Collective Action Members.

23.     At all relevant times, defendants had a policy and practice of failing to pay the statutory minimum wage or other wages to plaintiff and the Collective Action Members for their hours worked.

24.     At all relevant times, defendants had a policy and practice of making unlawful charges against and deductions from plaintiff's wages and, upon information and belief, those of the Collective Action Members.

25.     At all relevant times, defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to plaintiff and, upon information and belief, the Collective Action Members for their hours worked in excess of forty (40) hours per workweek.

26.     Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by: (i) their failure to compensate plaintiff and, upon information and belief, the Collective Action Members at a rate at least equal to the statutory minimum wage, (ii) their failure to compensate plaintiff and, upon information and belief, the Collective Action Members at their regular rate of pay, (iii) their failure to pay  plaintiff and, upon information and belief, the Collective Action Members overtime at a rate at least equal to the greater of one and one half times the statutory minimum wage or regular rate of pay for hours worked in excess of forty (40) hours per workweek when defendants knew or should have known such was due, and (iv) defendants' appropriation of money from plaintiff and/or unlawful deductions from and charges against plaintiff's and, upon information and belief, the Collective Action members' wages.

27.     Defendants failed to properly disclose or apprise plaintiff and the Collective

Action Members of their rights under the FLSA.

28.    Defendants' intentional, willful and unlawful acts caused plaintiff and the Collective Action Members damages in an amount not presently ascertainable consisting of unpaid minimum wage, unpaid wages and unpaid overtime compensation, plus an equal amount as liquidated damages.

29.    Records, if any, concerning the number of hours worked by plaintiff and the Collective Action Members and the actual compensation paid to plaintiff and Collective Action Members are in the possession and custody of defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

30.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Action Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided to the Collective Action Members via first-class mail to the last address known to defendants.

## FACTS

31.    At all relevant times, defendants owned and operated a Kwik Farms convenience store and Exxon Gas Station at 69 South Pascack Road, Nanuet, New York.

32.    Plaintiff was employed as a clerk/cashier by defendants.

33.    Plaintiff was employed by defendants from June 2015 through November 2015.

34.    Plaintiff's work and that of the Collective Action Members were performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

35.    At all relevant times herein, plaintiff and the Collective Action Members were and are employees engaged in interstate commerce and/or in the production of goods for interstate commerce, as defined in the FLSA and its implementing regulations by virtue of plaintiff and, upon information and belief, the Collective Action Members using an electronic device that authorized credit card purchases and unloading goods that, upon information and belief, came from out of state suppliers.

36.    Plaintiff's regular work schedule was seven days per week, from 5:00 a.m. to 3:00 p.m., for a total of approximately seventy (70) hours per week, each week of his employment with defendants.

37.    Upon information and belief, the Collective Action members worked in excess of forty hours per workweek.

38.    Defendants did not provide a time clock, sign-in sheet, or any other method for employees to track their time worked.

39.    Plaintiff was not given a day of rest in violation of New York Labor Law §161.

40.    Plaintiff was paid $6.50 per hour for plaintiff's first two weeks of work.

41.    After working approximately two weeks, defendants increased plaintiff's wage to $7.50 per hour.

42.    Beginning in or about mid-July 2015 through the end of plaintiff's employment in or about November 2015, defendants did not pay plaintiff any wages whatsoever, although plaintiff continued to work ten hours per day, seven days a week.

43.    Without plaintiff's authorization, defendants unlawfully made deductions from and charges against plaintiff's wages for damaged merchandise and for a fine imposed upon one or more defendants for selling cigarettes to underage minors, an incident(s) in which plaintiff

was not involved.

44.     Upon information and belief, defendants made unlawful deductions from and unlawful charges against the Collective Action Members' wages.

45.     Defendants unlawfully appropriated $1,000 from plaintiff by forcibly removing said sum from plaintiff's wallet.

46.     Defendants failed to make timely payment of wages to plaintiff and, upon information and belief, the Collective Action Members.

47.     Defendants' failure to pay plaintiff, and upon information and belief the Collective Action Members, an amount at least equal to the federal or New York State minimum wages or regular rate of pay in effect during all relevant time periods was willful, and lacked a good faith basis.

48.     In addition, for the entirety of plaintiff's employment, defendants failed to pay plaintiff, and upon information and belief the Collective Action Members, any overtime for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA, the New York Labor Law, and New York State Department of Labor regulations.

49.     Defendants' failure to pay plaintiff, and upon information and belief, the Collective Action Members, any overtime for hours worked in excess of forty (40) hours in a workweek was willful, and lacked a good faith basis.

50.     Upon information and belief, while defendants employed plaintiff and the Collective Action Members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## CLAIM I
### (Fair Labor Standards Act - Minimum Wage)

51.     Plaintiff, on behalf of himself and the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

52.     At all relevant times, defendants employed plaintiff and the Collective Action Members within the meaning of the FLSA.

53.     Defendants failed to pay a salary at a rate at least equal to the minimum wage to plaintiff or regular pay and, upon information and belief, the Collective Action Members for all hours worked.

54.     As a result of defendants' willful failure to compensate plaintiff and, upon information and belief, the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked or regular pay, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

55.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56.     By reason of defendants' FLSA violations, plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid compensation damages, reasonable attorneys' fees, an additional equal amount as liquidated damages, interest, costs and disbursements of this action, pursuant to 29 U.S.C. § 216 (b).

## CLAIM II
### (New York Labor Law - Minimum Wage and Improper Charges, Deductions and Appropriation)

57.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

58.     At all relevant times, plaintiff was employed by defendants within the meaning of the New York Labor Law §§ 2 and 651.

59.     Defendants willfully violated plaintiff's rights by failing to pay him compensation at a rate at least equal to the New York minimum wage or regular rate of pay in violation of New York Labor Law §§ 190-199, 652 and their regulations.

60.     Defendants' failure to pay compensation at a rate at least equal to the minimum wage or regular rate of pay was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61.     Defendants violated plaintiff's rights by appropriating and/or deducting from or charging against plaintiff's wages, $1,000 from plaintiff without plaintiff's consent.

62.     By reason of defendants' New York Labor Law violations, plaintiff is entitled to recover from defendants his unpaid compensation damages, the $1,000 defendants appropriated and/or deducted from or charged against plaintiff's wages and an additional equal amount as liquidated damages, interest, attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## CLAIM III
### (Fair Labor Standards Act - Overtime)

63.     Plaintiff, on behalf of himself and all the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

64.     At all relevant times, defendants employed plaintiff and each of the Collective Action Members within the meaning of the FLSA.

65.     At all relevant times, defendants had a policy and practice of refusing to pay owed overtime compensation to their employees for hours they worked in excess of forty (40) hours per workweek.

66.     As a result of defendants' willful failure to compensate their employees, including plaintiff and, upon information and belief, the Collective Action Members, at a rate at least one-and-one half times the minimum wage and/or the regular rate of pay for work performed in excess of forty (40) hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

68.     By reason of defendants' FLSA violations, plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## CLAIM IV
### (New York Labor Law - Overtime)

69.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

70.     At all relevant times, plaintiff was employed by defendants within the meaning of New York Labor Law §§ 2 and 651.

71.     Defendants willfully violated plaintiff's rights by failing to pay him overtime compensation at rates of at least one-and-one-half times the New York minimum wage and/or the regular rate of pay for each hour worked in excess of forty (40) hours per workweek in violation of New York Labor Law §§ 650 et seq. and its supporting regulations.

72.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73.     By reason of defendants' New York Labor Law violations, plaintiff is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## CLAIM V
### (New York Labor Law - Wage Theft Prevention Act)

74.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

75.     At all relevant times, plaintiff was employed by defendants within the meaning of New York Labor Law §§ 2 and 651.

76.     Defendants are required to maintain payroll records showing the hours worked, gross wages, payroll deductions and net wages for each employee and must furnish this information to employees with every payment of wages.

77.     Defendants willfully violated plaintiff's rights under the Wage Theft Protection Act by failing to provide plaintiff with written notice providing the information required by New York Labor Law § 195(1)(a) including, the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and defendants failed to obtain plaintiff's signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

78.     Defendants willfully violated plaintiff's rights under the Wage Theft Protection

Act by failing, at any time, to provide plaintiff with weekly wage statements required by New York Labor Law § 195(3) that are required to include: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

79.     Plaintiff was paid in cash throughout his employment, and he received no paystubs or wage statements with his pay.

80.     Plaintiff requested he be paid by check and that he receive paystubs or wage statements.

81.     Defendants refused to provide plaintiff with paystubs or wage statements.

82.     By reason of defendants' failure to provide plaintiff with the wage notices required by New York Labor Law § 195 when he was hired, or at any time thereafter, pursuant to New York Labor Law § 198, plaintiff is entitled to fifty dollars for each work day that the violations occurred or continued to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorneys' fees.

83.     Defendants failed to provide plaintiff with weekly wage statements required by New York Labor Law § 195 at any time during his employment.

84.     By reason of defendants failure to provide plaintiff with the weekly wage statements required by New York Labor Law § 195, pursuant to New York Labor Law § 198, plaintiff is entitled to fifty dollars for each work day that the violations occurred or continued to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable

attorneys' fees.

85.     Upon information and belief, the Collective Action Members were not provided with required wage notices or accurate weekly wage statements as required by New York Labor Law and the Wage Theft Prevention Act, thereby demonstrating that defendants' failure to provide the statements to plaintiff was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action Members;

b.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.     An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.     On Claim I, an award to plaintiff and the Collective Action Members for their unpaid compensation damages, reasonable attorneys' fees, an additional equal amount as liquidated damages, interest, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b);

e.     On Claim II, an award to plaintiff for his unpaid compensation damages, the $1,000 defendants appropriated and/or deducted from or charged against plaintiff's wages and an additional equal amount as liquidated damages, interest, attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and§ 663(1);

f.     On Claim III, an award to plaintiff and the Collective Action Members for their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b);

g.     On Claim IV, an award to plaintiff for unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

h.     On Claim V, (1) by reason of defendants' failure to provide plaintiff with the wage notices required by New York Labor Law § 195 when he was hired, or at any time thereafter, pursuant to New York Labor Law § 198, plaintiff is entitled to fifty dollars for each work day that the violations occurred or continued to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorneys' fees, and (2) by reason of defendants' failure to provide plaintiff with the weekly wage statements required by New York Labor Law § 195, pursuant to New York Labor Law § 198, plaintiff is entitled to fifty dollars for each work day that the violations occurred or continued to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorneys' fees;

i.     An award of prejudgment and post judgment interest; and

j.       Such other, further, and different relief as this Court deems just and proper.

Dated: June 22, 2016

Eric Dranoff (ED 7892)
SARETSKY KATZ & DRANOFF, L.L.P.
475 Park Avenue South
New York, New York 10016
(212) 973-9797

Attorneys for Plaintiff Krishna Maganti