UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KRISHNA MAGANTI, on behalf of himself
and all other persons similarly situated,

                      Plaintiff,

-against-

QUICK PETROLEUM, INC., ASIF JAVED
a/k/a ASIF ALI, and HAMID DIN,

                      Defendants.

Civil Action No.
16-CV-04927 (KMK)(PED)

------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Quick Petroleum, Inc., Asif Javed a/k/a Asif Ali, and Hamid Din (collectively, the "Defendants") and Krishna Maganti (the "Plaintiff") (collectively, the "Parties") in the matter of *Maganti v. Quick Petroleum, Inc., et al.*

1. **RECITALS AND BACKGROUND**

    WHEREAS, Plaintiff filed a Complaint against defendants Quick Petroleum, Inc. and Asif Javed a/k/a Asif Ali and an Amended Complaint against defendants Quick Petroleum, Inc., Asif Javed a/k/a Asif Ali, and Hamid Din asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law (the "NYLL") Article 19, §§ 650 *et seq.* and the supporting regulations, and NYLL Article 6, §§ 190 *et seq.* and the supporting regulations seeking recovery for Plaintiff and putative collective action members in the U.S. District Court for the Southern District of New York bearing Civil Action Number 16-CV-04927 (the "Litigation"); and

    WHEREAS, Plaintiff has not sought certification to proceed as a collective action; and

    WHEREAS, the purpose of this Agreement is to settle fully and finally all Plaintiff's Released Claims and Defendants' Released Claims, including all claims asserted in the Litigation; and

WHEREAS, Defendants denied and continue to deny the allegations made by Plaintiff in the Litigation, and deny liability and damages with respect to the alleged facts or causes of action asserted in the Litigation; and

WHEREAS, without further acknowledging or conceding liability or damages, and without admitting that unlawful deductions were taken, pay and/or overtime amounts improperly were withheld from Plaintiff, or notices were not provided, Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable or that would not occur for several years, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiff; and

WHEREAS, the Parties have completed enough investigation to agree on a reasonable settlement and the parties obtained sufficient information to understand the claims and negotiate settlement terms: and

WHEREAS the Parties engaged in arm's-length negotiations involving counsel among themselves;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

2. **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

2.1 **Agreement.** "Agreement" means this Settlement Agreement and Release.

2.2 **Application for Settlement Approval.** "Application for Settlement Approval" means the application seeking the Court's approval of the settlement of this Litigation, including the terms of this Agreement.

2.3 **Approval Order.** "Approval Order" means the Order entered by the Court approving the terms and conditions of this Agreement and dismissal of the Litigation with prejudice.

2.4 **Court.** "Court" means the United States District Court for the Southern District of New York.

2.5 **Days.** "Days" means business days if the specified number is less than 5 and calendar days if the specified number is 5 or greater.

2.6 **Defendants.** "Defendants" shall mean the named defendants Quick Petroleum, Inc., Asif Javed a/k/a Asif Ali, and Hamid Din, current and former parent corporations, partnerships, subsidiaries, affiliates, divisions, predecessors, successors, assigns, officers, directors, members, employees, agents, whether as individuals or in their official capacity, heirs, executors, administrators, or personal or legal representatives.

2.7 **Defendants' Counsel.** "Defendants' Counsel" shall mean Brian K. Condon, Esq. and Laura M. Catina, Esq., Condon & Associates, PLLC, 55 Old Turnpike Road, Suite 502, Nanuet, New York 10954.

2.8 **Defendants' Released Claims.** "Defendants' Released Claims" refers to all or any manner of actions, causes and causes of action, suits, proceedings, claims, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, trespasses, transactions, acts, omissions or refusal to act, obligations, damages, complaints, liabilities, losses, judgments, controversies, agreements, promises, expenses (including attorneys' fees and costs), extents, executions, and demands, of any kind whatsoever at law or in equity whether joint or several that Defendants, for themselves and for their current and former parent corporations, partnerships, subsidiaries, affiliates, divisions, predecessors, successors, assigns, officers, directors, members, employees, agents, whether as individuals or in their official capacity, heirs, executors, administrators, or personal or legal representatives that Defendants now have or hereafter can, shall or may have for, upon reason of any matter, cause of, or thing whatsoever, whether now known or unknown against Plaintiff and all others liable, possibly liable, potentially liable or claimed to be liable jointly and/or severally with Plaintiff whether or not expressly identified in this Agreement from the beginning of the world to the date of this Agreement to the maximum extent permitted by law.

2.9 **Plaintiff.** "Plaintiff" refers to Krishna Maganti.

2.10 **Plaintiff's Counsel.** "Plaintiff's Counsel" shall mean Eric Dranoff, Esq. and Jeanne M. Lane, Esq., Saretsky Katz & Dranoff, L.L.P., 475 Park Avenue South, 26th Floor, New York, NY 10016.

2.11 **Plaintiff's Released Claims.** "Plaintiff's Released Claims" means all wage, hour and notice claims that were or could have been asserted under federal or New York State law by or on behalf of Plaintiff in the Litigation for the period of June 1, 2013 through the date hereof, including under the FLSA and the NYLL. The Plaintiff's Released Claims mean wage, hour, and notice claims raised in this

Litigation and any wage, hour, and notice claims that could have been asserted by Plaintiff against Defendants under New York State and federal law, including the FLSA, relating to the failure to pay wages, back wages, overtime, minimum wages, unlawful deductions, interest, liquidated damages, penalties, and attorneys' fees, provided, however, that Defendants shall only be released in their capacity as employers of Plaintiff by, through, on behalf of, or by reason of Quick Petroleum, Inc.

2.12 **Settlement Amount.** "Settlement Amount" refers to $45,000, the amount Defendants have agreed to pay to fully resolve and satisfy payment to Plaintiff and any claim for attorneys' fees, expenses, and costs approved by the Court.

2.13 **Settlement Check.** "Settlement Check" refers to the check made payable to "Krishna Maganti and Saretsky Katz & Dranoff, L.L.P., as attorneys" in the amount of $45,000.

## 3. PROCEDURAL ISSUES

3.1 **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

3.2 **Mailing of the Settlement Check.** The Settlement Check will be mailed to Plaintiff's Counsel within 14 Days of the Approval Order.

## 4. SETTLEMENT TERMS

### 4.1 Settlement Amount

(A) Defendants agree to pay the Settlement Amount which shall fully resolve and satisfy any claim for (i) attorneys' fees, expenses and costs approved by the Court arising out of the Litigation and (ii) all amounts to be paid to Plaintiff for releasing claims as set forth herein.

(B) Defendants shall tender the Settlement Amount by Settlement Check no later than 14 Days following the Approval Order. Should Defendants fail to timely tender the Settlement Check, a late penalty of 9%, compounded monthly, shall be assessed.

### 4.2 Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs

(A) In the Application for Settlement Approval, Plaintiff's Counsel will petition the Court for an award of reasonable costs and expenses as well as attorneys' fees in an amount of 1/3 (33.3%) of the Settlement Amount

following deduction of costs and expenses. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. After payment of the approved costs and expenses and attorneys' fees, Defendants shall have no additional liability for Plaintiff's Counsel's attorneys' fees, expenses, and costs.

(B) The substance of Plaintiff's Counsel's application for attorneys' fees, expenses, and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees, expenses, and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Settlement Approval.

## 5. RELEASE

5.1 **Release of Claims.** By operation of the entry of the Approval Order Plaintiff forever and fully releases Defendants from all Plaintiff's Released Claims and Defendants forever and fully release Plaintiff and his heirs, agents, executors, or administrators from all Defendants' Released Claims.

5.2 **Denial of Liability.** Defendants have agreed to the terms of this Agreement without acknowledging any fault or liability and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants.

## 6. INTERPRETATION AND ENFORCEMENT

6.1 **Cooperation between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2 **No Assignment.** Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

6.3 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.4 **Binding Effect.** This Agreement shall be binding upon the Parties and their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, assigns, current and former parent corporations, partnerships, subsidiaries, affiliates, divisions, predecessors, successors, officers, directors, members, employees, agents, whether as individuals or in their official capacity, or personal or legal representatives.

6.5 **Arm's-Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement unless otherwise expressly stated.

6.6 **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.7 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties, and the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.8 **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

6.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.10 **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

6.11 **Waivers, etc. to be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written

waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.12 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.13 **Signatures.** This Agreement is valid and binding if signed by the Parties.

6.14 **Facsimile and Email Signatures.** Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page, through counsel, via facsimile or e-mail to counsel for the other party. Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

6.15 The Parties agree that none of the terms of this Agreement or any aspect of its negotiation or performance shall be used in any manner by any person in any future action or proceeding as evidence of the rights, duties, or obligations of the Parties. The execution and delivery of this Agreement and the performance of the terms and conditions contained herein is not intended to be, nor shall it be deemed to be, an admission of liability, wrongdoing, or any contested fact or issue on the part of any of the Parties. This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part of, or on behalf of, any of them. This Agreement is executed by the Parties to avoid the expense, burden and inconvenience of further litigation.

7. **STIPULATION OF VOLUNTARY DISMISSAL**

7.1 Plaintiff shall file a Stipulation of Voluntary Dismissal in the form of Exhibit 1 to this Agreement to be *so ordered* by the Court following entry of the Approval Order and following receipt by Plaintiff's Counsel of the Settlement Check.

**[REST OF PAGE LEFT INTENTIONALLY BLANK]**

**WE AGREE TO THESE TERMS,**

_____  Quick Petroleum, Inc.
**Asif Javed**  By: _____
  **Asif Javed**
  Print Title: President

STATE OF NEW YORK     }
              } ss:
COUNTY OF Rockland    }

On the 9th day of August 2017 before me, the undersigned, personally appeared ASIF JAVED, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this Settlement Agreement and Release and to be the PRESIDENT of Quick Petroleum, Inc., who signed this Settlement Agreement and Release, and who duly acknowledged to me that he signed the same on behalf of Quick Petroleum, Inc. and in his individual capacity.

BRIAN K. CONDON
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 02CO6001956
QUALIFIED IN ROCKLAND COUNTY
COMMISSION EXPIRES 2/2/2018

_____
Notary Public

_____  Quick Petroleum, Inc.
**Hamid Din**  By: _____
  **Hamid Din**
  Print Title: _____

STATE OF NEW YORK     }
              } ss:
COUNTY OF Rockland    }

On the 10th day of August 2017 before me, the undersigned, personally appeared HAMID DIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this Settlement Agreement and Release and to be the Employee of Quick Petroleum, Inc., who signed this Settlement Agreement and Release, and who duly acknowledged to me that he signed the same on behalf of Quick Petroleum, Inc. and in his individual capacity.

BRIAN K. CONDON
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 02CO6001956
QUALIFIED IN ROCKLAND COUNTY
COMMISSION EXPIRES 2/2/2018

_____
Notary Public

## WE AGREE TO THESE TERMS,

Quick Petroleum, Inc.

_____  By: _____
Asif Javed                            Asif Javed
                                      Print Title: _____

STATE OF NEW YORK      }
                       } ss:
COUNTY OF _____ }

On the _____ day of July 2017 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this Settlement Agreement and Release and to be the _____ of Quick Petroleum, Inc., who signed this Settlement Agreement and Release, and who duly acknowledged to me that he signed the same on behalf of Quick Petroleum, Inc. and in his individual capacity.

_____
Notary Public

_____     ~~Quick Petroleum, Inc.~~
Hamid Din                            By: _____
                                         Hamid Din
                                         ~~Print Title:~~

INITIALS: HD
DATE: 8-14-17

STATE OF NEW YORK      }
                       } ss:
COUNTY OF Rockland     }

On the 14th day of ~~July~~ August 2017 before me, the undersigned, personally appeared Hamid Din, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this Settlement Agreement and Release ~~and to be the _____ of Quick Petroleum, Inc., who signed this Settlement Agreement and Release~~, and who duly acknowledged to me that he signed the same ~~on behalf of Quick Petroleum, Inc. and in his individual capacity~~.

INITIALS: HD
DATE: 8-14-17

LORI GALGANO
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01GA6346324
QUALIFIED IN ROCKLAND COUNTY
COMMISSION EXPIRES 08/08/2020

_____
Notary Public

Settlement Agreement and Release – *Maganti v. Quick Petroleum, Inc., et al.*   Page 8 of 9 pages

_____ (Krishna Maganti)
**Krishna Maganti**

STATE OF NEW YORK  }
                        ss:
COUNTY OF _____ }

On the 1st day of ~~July~~ August 2017 before me, the undersigned, personally appeared Krishna Maganti_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this Settlement Agreement and Release, who signed this Settlement Agreement and Release, and who duly acknowledged to me that he executed the same.

_____
Notary Public

JACK RAMOS
Notary Public, State of New York
No. 01RA6046532
Qualified in Nassau County
Commission Expires August 14, 20__

---

Settlement Agreement and Release – *Maganti v. Quick Petroleum, Inc., et al.*     Page 9 of 9 pages

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

KRISHNA MAGANTI, on behalf of himself and all other persons similarly situated,

                        Plaintiff,                          16-CV-04927(KMK)(PED)

    -against-

QUICK PETROLEUM, INC., ASIF JAVED a/k/a ASIF ALI, and HAMID DIN,

                        Defendants.

-----------------------------------------------------------------------X

**Stipulation of Voluntary Dismissal**

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Krishna Maganti (the "Plaintiff") and defendants Quick Petroleum, Inc., Asif Javed a/k/a Asif Ali, and Hamid Din (the "Defendants") (collectively, the "Parties"), through their undersigned counsel, that the Parties have agreed to amicably resolve any and all claims asserted by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law, and any and all claims asserted by Defendants against Plaintiff in this action and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss this action with prejudice; and

IT IS HEREBY FURTHER STIPULATED AND AGREED that, except as provided for in the Parties' Settlement Agreement and Release, which sets forth the terms of the settlement of

this action and has been reviewed and approved by the Court, no attorneys' fees or costs will be awarded to any party by the Court; and

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be executed in counterpart, and facsimiled, scanned, or e-mailed copies of signatures shall be deemed to be originals.

Dated: _____, 2017                     Dated: _____, 2017

By: Jeanne M. Lane, Esq.                    By: Laura M. Catina, Esq.
Saretsky Katz & Dranoff, LLP                Condon & Associates PLLC
475 Park Avenue South, 26th Floor           55 Old Turnpike Road, Suite 502
New York, New York 10016                    Nanuet, New York 10954
(212) 973-9797                              (845) 627-8500
*Attorneys for Plaintiff*                   *Attorneys for Defendants*

The Court hereby approves the settlement and dismissal of this action with prejudice.

So Ordered this _____ day of _____ 2017

Hon. Kenneth M. Karas
United States District Judge